UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Case No. 8:18-bk-08436-RCT

STAY IN MY HOME, P.A.
*fka* STOPA LAW FIRM, P.A.

Chapter 7

Debtor.

_____/

**EMERGENCY MOTION FOR STAY OF ALL STATE COURT
AND APPELLATE PROCEEDINGS IN WHICH MARK P. STOPA, ESQ.
AND/OR STAY IN MY HOME, P.A. ARE COUNSEL OF RECORD**

STEPHEN L. MEININGER (the "Trustee"), as Chapter 7 Trustee of the bankruptcy estate of STAY IN MY HOME, P.A. *fka* STOPA LAW FIRM, P.A. (the "Debtor"), by and through his counsel, pursuant to 11 U.S.C. §§ 105 and 362, files this Emergency Motion for Stay of all state court and appellate proceedings in which the Debtor and/or its former principle, Mark P. Stopa, Esq. are counsel of record (the "Motion").   In support thereof, the Trustee states as follows:

**BACKGROUND**

1.      On October 2, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with the Clerk of this Court.

2.      Also on October 2, 2018, Stephen L. Meininger was appointed and continues to serve  as the Chapter 7 Trustee of the Debtor's estate.

3.      The meeting of creditors is currently scheduled for November 5, 2018 at 1:00 P.M. *See DE 2.*

4.      On October 2, 2018, the Clerk issued its *Notice of Incomplete and/or Deficient Filing and Opportunity to Cure Deficiencies* (DE 3). The Debtor has until Tuesday, October 16,

2018 to cure multiple deficiencies.

5.     The Debtor is a Florida corporation with its principal place of business located at 600 North Willow Avenue #101, Tampa, Florida 33606. The Debtor's president and sole shareholder as of the Petition Date was Richard Mockler, Esq. ("Mockler"). Mark P. Stopa, Esq. ("Stopa") was the president and sole shareholder of the Debtor from its inception through the sale of his 100% interest to Mockler.

6.     The Debtor is a law firm specializing in mortgage foreclosure defense and foreclosure related appellate law in the State of Florida. The Debtor and Stopa are currently counsel of record in several pending state court proceedings and appellate proceedings.

7.     Upon his appointment, one of the Trustee's primary goals is compiling a list of representations pending at the time of the Petition Date. This project is challenging because the Debtor's paper client records are less than complete and the Debtor's electronic case management system was suspended for non-payment prior to the Petition Date. The Trustee and his counsel are diligently working to get their arms around the Debtor's case load so that they can administer any related assets and otherwise carry out the Trustee's duties to the estate. But, additional time is needed.

8.     Among the Debtor's primary sources of revenue prepetition, and an anticipated major asset of the estate post-petition, are prevailing-party attorney fees awarded to the Debtor in connection with the successful defense of various state court actions, primarily foreclosure defense, and related appeals. These awards were pending at various stages in the state court pipeline on the Petition Date and remain so pending; in certain cases the prevailing party fees have been awarded with no further activity pending, and in other cases hearings on these matters are already noticed and set before the state court.

9.      The Trustee has recently learned that one such matter, in which the Debtor was awarded entitlement to fees but for which the amount needs to be determined, is set for hearing in state court **on Monday October 15, 2018**.

10.      The Trustee is concerned that if state court proceedings (such as the one schedule for this coming Monday) proceed unabated before the Trustee can understand and be adequately represented with respect to these matters, then substantial estate assets in the form of prevailing party attorney's fees may dissipate. Although the automatic stay provides some protection in this regard, substantial time and effort would need to be spent undoing state court proceedings that unfold in the Trustee's absence. Temporarily staying these proceedings will preserve the status quo, protect the estates' interests in these significant assets, and prevent the estate from incurring unnecessary attorney's fees and costs.

11.      Additionally, certain third parties have expressed interest in purchasing the Debtor's substantial client list. The Trustee believes that this client list (once fully compiled) may generate significant value for the estate. If these clients' state court cases move forward unabated, however, clients will be forced to seek alternative representation, which, again, would cause the value of this potentially substantial state court asset to quickly dissipate.

12.      Moreover, after recent conversations with several circuit courts' chambers throughout the effective counties, the Judges are unsure how to handle this current situation caused by the bankruptcy filing by the Debtor. The trustee through counsel has been informed that a significant portion of these courts would appreciate uniform guidance on how to proceed on these files.

13.      This Court has jurisdiction of this motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## EMERGENCY RELIEF SOUGHT AND BASIS FOR RELIEF

14.     By this Motion, the Trustee seeks entry of an order temporarily staying all state court proceedings in which the Debtor or Mr. Stopa are counsel of record for a period of 120 days. This temporary stay will allow the Trustee to gain an understanding of the pending fee litigation in which the Debtor has an interest, ensure that no adverse orders are entered with respect to those cases, and ensure that the Debtor's interests in these assets are otherwise preserved. The stay will also mitigate the need for the Debtors' clients to quickly obtain new counsel, stemming the flight of clients and preserving the Debtor's potentially valuable client list.

15.     It is well-settled that a bankruptcy court has the authority under § 105 to extend the automatic stay to non-debtors if "unusual circumstances" warrant that relief. *Jerome v. Hertz Corp.*, No. 2:12-CV-610-FTM, 2013 WL 6815907, at *1 (M.D. Fla. Dec. 24, 2013) (collecting case law); *see In re Steven P. Nelson, D.C., P.A.*, 140 B.R. 814, 816 (Bankr. M.D. Fla. 1992) ("It no longer can be gainsaid that bankruptcy courts have the authority to grant injunctive relief and to enjoin proceedings against non-debtors that would materially impact a debtor's effort to reorganize. There is considerable case authority supporting the use of § 105(a) as a means of providing this protection to non-debtors such as individual guarantors and key officers of a debtor corporation."). The Trustee respectfully submits that this case presents unusual circumstances and that a brief stay is warranted.

16.     In deciding whether to extend the stay, courts often focus on the identity of interest between the debtor and the non-debtor party that will benefit from the extension of the stay; "the automatic stay will apply to non-debtors only when 'a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.'" *Fratelli Cosulich Unipessoal, S.A. v. Specialty Fuels Bunkering, LLC*, No. CIV.A. 13-00545-KD-C, 2014 WL 2611547, at *5

(S.D. Ala. June 11, 2014) (Ritchie Capital Mgmt, L.L.C. v. Jeffries, 653 F.3d 755 (8th Cir. 2011))(stating that the preclusive effect of a state court proceeding may be grounds for extending the automatic stay). Here, the unity of interests between the debtor and non-debtor is truly compelling: the Debtor and its non-debtor clients will face the threat of "immediate adverse economic consequence" if the interest in an award of prevailing party attorney's fees is not adequately represented, protected and prosecuted in state court.

17.    Further, one of the fundamental purposes of the automatic stay is to prevent dissipation of the debtor's assets before an orderly distribution to creditors can be achieved. Thus, extending the stay under the unusual circumstances presented in this case would be consistent with the purpose of the automatic stay. This militates in favor of extending the stay. *See In re Uni-Marts, LLC*, 405 B.R. 113, 127 (Bankr. D. Del. 2009) ("the purpose served by extending the stay … must be consistent with the purpose of the stay itself"). In fact, at least one court has ruled that any fees associated with unfinished work by a dissolved law firm is property of the dissolved law firm (and thus property of the estate), even after the clients have followed the attorney to his new practice. *See In re Health Support Network, Inc.*, 585 B.R. 202, 205 (Bankr. M.D. Fla. 2018).

18.    The Trustee respectfully submits that granting the brief extension of the stay requested herein will not unduly prejudice any of the non-debtor state court litigants impacted by the stay. In instances of fee litigation, adverse parties will benefit from the stay. In foreclosure defense cases, the Trustee would expect that the stay will coincide with the courtesies normally extended by plaintiffs and courts to a defendant that finds themselves suddenly unrepresented in the midst of pending litigation.

## **CONCLUSION**

19.    For the foregoing reasons, the Trustee respectfully requests that the Court

temporarily extend the stay to apply to all state court actions in which the Debtor or Mr. Stopa are counsel of record for a period of 120 days.

WHEREFORE, STEPHEN L. MEININGER, as Chapter 7 Trustee of the bankruptcy estate of STAY IN MY HOME, P.A. *fka* STOPA LAW FIRM, P.A., respectfully requests that this Court enter an Order (i) granting this Motion; (ii) staying all state court proceedings in which the Debtor and/or Stopa are counsel of record for a period of 120 days; (iii) that the Chapter 7 Trustee shall be provided with notice in all relevant state court and appellate cases; and (iv) granting such other and further relief as the Court deems appropriate.

Respectfully submitted this 9th day of October 2018.

GENOVESE JOBLOVE & BATTISTA, P.A.
*General Counsel to the Chapter 7 Trustee*
100 N. Tampa Street, Suite 1645
Tampa, Florida 33602
Telephone: (813) 439.3100
Telecopier: (813) 439.3153

By:    */s/ Eric D. Jacobs*
          Michael A. Friedman, Esq. (FBN 71828)
          E-Mail: mfriedman@gjb-law.com
          Lisa Castellano, Esq. (FBN 748447)
          E-Mail: lcastellano@gjb-law.com
          Eric D. Jacobs, Esq. (FBN 85992)
          E-Mail: ejacobs@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October 2018, a true and correct copy of the foregoing document has been furnished via electronic mail by virtue of the Court's CM/ECF system to all parties registered to receive notices of electronic filing in this case, as detailed in the below Service List.

By:    /s/ Eric D. Jacobs
Eric D. Jacobs, Esq.

## SERVICE LIST

### Served Via CM/ECF Notification

Eric D Jacobs, Attorney for Trustee on behalf of Trustee Stephen L Meininger
ejacobs@gjb-law.com, btraina@ecf.courtdrive.com;btraina@gjb-law.com

Stephen L Meininger
SLMeininger@earthlink.net, smeininger@ecf.epiqsystems.com;FL38@ecfcbis.com

Scott A. Stichter on behalf of Debtor Stay In My Home, P.A.
sstichter.ecf@srbp.com, srbpecf@srbp.com

United States Trustee - TPA7/13
USTPRegion21.TP.ECF@USDOJ.GOV