**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In Re:

STAY IN MY HOME, P.A. ,                Case No. 8:18-bk-08436-RCT

    Debtor.                                    Chapter 7

_____/

**WELLS FARGO HOME MORTGAGE'S RESPONSE IN OPPOSITION TO TRUSTEE'S MOTION FOR STAY MOTION TO EXEMPT ALL CASES AND NOTICE OF JOINDER**

COMES NOW WELLS FARGO HOME MORTGAGE, ("WELLS FARGO") by undersigned counsel, and files its Response in Opposition to the Trustee's Motion for Stay of All State Court and Appellate Proceedings in which Debtor and/or Mark P. Stopa, Esq. are Counsel of Record ("Trustee's Motion ") [Doc No. 12] and states as follows:

1. WELLS FARGO is a party in interest with standing to make this Response and Joinder.

2. WELLS FARGO has been able to identify one hundred and thirty six (136) state foreclosure cases which would potentially be impacted by the relief requested in the Trustee's Motion. [Doc No 12]   The specific cases will be filed separately in a spreadsheet format.

3. WELLS FARGO hereby specifically adopts, joins and restates as if fully set forth herein the arguments and case law contained in the Objection to Emergency Motion for Stay of all State Court Proceedings in Which Mark P Stopa and Stay in My Home PA are Counsel filed by Di Tech.  [Doc No. 91]

4. In addition, WELLS FARGO asserts that the relief requested in the Trustee's Motion [Doc No. 12] exceeds the related to jurisdiction of this Court.

5. WELLS FARGO, through counsel, has attended the depositions of Richard Mockler the 100% owner of the Debtor and of the Chapter 7 Trustee regarding the Debtor's potential entitlement to attorney's fees which is the basis of the Trustee's Motion.

6. WELLS FARGO has learned facts which make the likelihood of recovery of any attorney's fees to be speculative at best including but not limited to:

    a. The Trustee's claim to attorney fees comes primarily through retainer or engagement agreements used by the Stopa firm.

    b. The retainer or engagement agreements were drafted for a finite period of time of one year or six (6) or seven (7) hours.

    c. The retainer or engagement agreements were almost never renewed. Regardless, the Stopa firm continued to appear on behalf of clients that it had no authority to represent.

    d. The retainer or engagement agreements contained provisions requiring pre-payment of fees by the Stopa client in addition to the retainer amount for all trials and appeals meaning that the estate has no claim to any fees.

    e. The Trustee has been unable to locate any attorney time records or other financial records of the Debtor.

    f. Contemporaneous time records were for the most part not kept by the Stopa firm but were instead created only when required to justify a request for fees.

    g. In many (if not all) of the Stopa cases, the firm failed to timely file fee award requests.

      h.      While the Stopa retainer or engagement agreement purported to allow the firm to make a claim for fees recovered through settlement, most of the settlement or "cash for keys" arrangements provide for the lender to pay the client for relocation assistance. Misuse of the these settlement funds were a part of the Bar action against Mr. Stopa.

      7.      WELLS FARGO has and continues to suffer harm from the case delays initiated by Stopa firm and or the Debtor and perpetuated by the relief requested by the Trustee's Motion including the inability to settle or resolve cases where there is clearly no property of the estate involved.

      8.      WELLS FARGO has and continues to suffer economic loss and would suffer additional losses if the relief requested in the Trustee's Motion is granted.

      9.      WELLS FARGO requests that the Court deny the relief requested in the Trustee's Motion and that it enter an Order providing that all WELLS FARGO cases can proceed without impact or effect from the automatic stay.

      10.      WELLS FARGO reserves the right to add such other and further issues as become know to it.

      WHEREFORE,  WELLS FARGO HOME MORTGAGE respectfully requests that the Court deny the Trustee's Motion and for such other relief as the Court deems just.

/s/DAVID E. HICKS, ESQ.
DAVID E. HICKS, ESQ.
Fla. Bar No. 0368245
KELLEY KRONENBERG ATTORNEYS AT LAW
1511 N. Westshore Blvd., Suite 400
Tampa, FL 33607
(813) 223-1697
(813) 433-5275 (fax)
E-mail: dhicks@kelleykronenberg.com
Attorneys for WELLS FARGO HOME MORTGAGE

# **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Response in Opposition has been furnished either by electronic or standard first class mail to the parties listed below on this 2nd day of November, 2018.

                                      /s/DAVID E. HICKS, ESQ.
                                      DAVID E. HICKS, ESQ.

Stay In My Home, P.A.
P.O. Box 1371
Tampa, FL 33606

Scott A. Stichter, Esq.
110 E. Madison Street, Suite 200
Tampa, FL 33602-4700

Stephen Meininger, Trustee
707 N. Franklin St., Suite 850
Tampa, FL 33602

Eric D. Jacobs, Esq.
Lisa Castellano, Esq.
Michael A. Friedman, Esq.
100 N. Tampa St., Suite 1645
Tampa, FL 33626
Attorneys for Trustee