UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

STAY IN MY HOME, P.A.
*fka* STOPA LAW FIRM, P.A.

      Debtor.
_____/

Case No. 8:18-bk-08436-RCT

Chapter 7

**MOTION TO APPROVE COMPROMISE OF CONTROVERSY
BETWEEN THE CHAPTER 7 TRUSTEE AND MARK P. STOPA**

**NOTICE OF OPPORTUNITY TO OBJECT
AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Suite 555, Tampa, Florida 33602, and serve a copy on the movant's attorney, Eric D. Jacobs, Esq., Genovese Joblove & Battista, P.A., 100 North Tampa Street, Suite 2600, Tampa, Florida 33602, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

STEPHEN L. MEININGER (the "Trustee"), as Chapter 7 Trustee of the bankruptcy estate of STAY IN MY HOME, P.A. fka STOPA LAW FIRM, P.A. (the "Debtor"), by counsel, hereby files his *Motion to Approve Compromise of Controversy Between the Chapter 7 Trustee and Mark P. Stopa* (the "Motion"), pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rule(s)"), resolving all claims and disputed matters between them in the related adversary proceeding styled *Stephen L. Meininger, as Chapter 7 Trustee v. Mark P. Stopa,* Adv. Proc. No. 8:20-ap-00527-RCT (the "Adversary Proceeding"). In support thereof, the Trustee states as follows:

## Background

1. On October 2, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with the Clerk of the Court.

2. The Trustee was then appointed and continues to serve as the Chapter 7 Trustee of the Debtor's estate.

3. On January 3, 2019, Stopa filed his Proof of Claim 61-1 in the amount of $750,000 (the "Claim").

4. On October 14, 2019, counsel for the Trustee filed his First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to Michael A. Friedman, Lisa M. Castellano, Eric D. Jacobs, and the Law Firm of Genovese Joblove & Battista, P.A. as General Counsel to the Chapter 7 Trustee [ECF No. 400] (the "Fee Application").

5. On November 13, 2019, having received no timely objections, the Court entered the Order Granting First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to Michael A. Friedman, Lisa M. Castellano, Eric D. Jacobs, and the Law Firm of Genovese Joblove & Battista, P.A. as General Counsel to the Chapter 7 Trustee [ECF No. 402] (the "Fee Order").

6. On November 25, 2019, Stopa filed his Motion to Vacate *Ex Parte* Order and for Rehearing Regarding Attorney's Fees, and Request for Hearing [ECF No. 405] (the "Fee

Objection"), and on January 27, 2020, counsel for the Trustee filed its Response in Opposition to Motion to Vacate Order Granting First Interim Fee Application [ECF No. 409].

7. On February 27, 2020, pursuant to the agreement of the Parties, the Court entered the Agreed Order on Motion for Rehearing of Order Granting Trustee's Application for Fees [ECF No. 411], which preserved the issues contained in the Fee Objection filed by Stopa.

8. On October 1, 2020, the Trustee initiated the Adversary Proceeding by filing the Complaint against Stopa for declaratory judgment, objection to claim, subordination of claim, breach of fiduciary duty, and avoidance and recovery of fraudulent transfers.

9. The resolution of the Adversary Proceeding concerns a resolution of the Claim and the Fee Objection filed by Stopa.

10. The Trustee and Stopa (collectively, the "Parties") have agreed to resolve the disputes raised by the Adversary Proceeding pursuant to the terms set forth in the previously agreed settlement agreement, and this Motion.

**Terms of Compromise**

11. Subject to final approval by the Bankruptcy Court and the entry of a non-appealable final order (the "Settlement Approval Order"), the Parties have agreed to the following terms (the "Settlement Agreement"):

   a. Dismissal of the Claim. Stopa agrees to the entry of an order disallowing the Claim in its entirety in the Bankruptcy Case. Stopa shall have no amount(s) due and owing from the Debtor's bankruptcy estate.

   b. Withdrawal of the Fee Objection. The parties agree that the disallowance of the Claim renders the Fee Objection moot, and Stopa agrees to the entry of an order withdrawing the Fee Objection and otherwise allowing the Fee Application and Fee Order as is.

   c. Dismissal of the Adversary Proceeding. Within five (5) days after the date the Settlement Approval Order becomes final and non-appealable, and in consideration

for Stopa's promises and covenants herein, the Trustee shall release all claims against Stopa and dismiss the Adversary Proceeding with prejudice.

d. <u>Release</u>. Upon dismissal of the Adversary Proceeding, the Parties, any predecessors and/or successors in interest, and its attorneys shall have no further liability to anyone regarding the matters contained within the Settlement Agreement.

e. <u>Admit No Liability</u>. By entering into this Settlement Agreement, the Parties make no admission as to liability of any type.

f. <u>Retention of Jurisdiction</u>. The Parties agree that this Court shall retain jurisdiction to interpret and enforce the terms of the Settlement Agreement.

12. The Parties agree to execute any and all documents necessary to effectuate the terms and conditions of this Settlement Agreement.

## Best Interest of the Estate

13. The Trustee believes that the Settlement Agreement outlined herein is in the best interests of the Debtor's estate. The terms of the Settlement Agreement will allow the dispute between the Trustee and Stopa to be resolved expeditiously, and given the costs of continued litigation, the compromise is in the best interests of the estate.

## Standard for Approval

14. This Court has jurisdiction and authority to approve the Settlement under 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code.

15. Under Bankruptcy Rule 9019, the Court has authority to approve settlements and compromises of controversies upon notice to appropriate parties in interest. Fed. R. Bankr. P. 9019.

16. A settlement "must, at a minimum, be fair and 'not fall below the lowest point in the range of reasonableness'" when judged against the following factors: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily

attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."[1]

17. "When the potential augmentation of a bankruptcy estate 'involves protracted investigation or potentially costly litigation, with no guarantee as to the outcome, the trustee must tread cautiously, and an inquiring court must accord him wide latitude in deciding whether to settle."[2] The question "is not whether the settlement on the terms proposed is objectively better for the [e]state than the litigation alternative," but "whether the Trustee's decision was reasonable."[3]

18. The Trustee respectfully submits that the proposed compromise is imminently fair, reasonable, and certainly falls well above the "lowest point" on the range of reasonableness based on the applicable factors under *Justice Oaks*. Upon information and belief, assuming this Motion is granted, the Trustee will be in a position to make a significant distribution to timely, allowed unsecured claims, depending on the outcome of the remaining claim objections and the outcome of the claims to attorney's fees that remain to be administered by the Trustee.

19. <u>Probability of success:</u> The probability of success in litigation is always uncertain. Although the Trustee is confident in the merits of his claims, they would be expensive to litigate. *Inter alia*, the Trustee likely would need to retain expert witnesses in the areas of insolvency and law practice management to prosecute the adversary proceeding.

20. <u>Difficulties in the matter of collection</u>: The Trustee believes that Stopa is collectible, however, collection, as always, presents delay and expense. Additionally, collecting against an individual presents challenges. The Trustee firmly believes that it is in the estate's

---

[1] *In re Soderstrom*, 477 B.R. 249, 252 (Bankr. M.D. Fla. 2012) (citing *In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1549 (11th Cir. 1990)).
[2] *Id.* (citing *In re Chira,* 367 B.R. 888 (S.D. Fla. 2007)).
[3] *In re Harbour East Dev.*, 2012 WL 1851015, at *1-2 (Bankr. S.D. Fla. May 21, 2012).

interest to resolve the Adversary Proceeding now, enabling the Trustee to be in a position to make a significant distribution to unsecured creditors, rather than incurring unnecessary fees and costs and attempting to collect on a judgment later.

21.     <u>Complexity of the litigation</u>: It would take the Trustee time and costs to seek authorization to hire an expert and litigate the Adversary Proceeding, which would create uncertainty as to the resolution of the Claim and the amount to be disbursed to creditors.

22.     <u>Expense, inconvenience and delay attending the litigation</u>: For all of the reasons discussed above, there would be significant expense and inconvenience were the estate to pursue the litigation on the merits, and doing so would delay the administration of this case. By contrast, the proposed settlement resolves the entire Adversary Proceeding by disallowing the Claim and positions the estate to make a substantial distribution to unsecured creditors of the Debtor's estate.

23.     <u>Interest of the creditors and their reasonable views in the premises:</u> The Trustee's settlement with Stopa would eliminate further expense to, and would generate a guaranteed distribution for unsecured creditors by disallowing the Claim of Stopa. Since creditors are generally concerned with realizing value from the claims they filed, the Trustee submits that his settlement with Stopa serves the paramount interest of creditors, which is getting paid.

## Conclusion

24.     The Trustee believes, in his business judgment, that the terms of the Settlement Agreement are fair and reasonable and in the best interests of the estate and creditors, as it paves the way for a significant distribution to unsecured creditors by disallowing the Claim of Stopa while incurring minimal litigation expense. The terms outlined above will allow the dispute between the Trustee and Stopa to be resolved expeditiously, avoid further costly litigation, and minimize additional administrative expenses, and permit a distribution to creditors. The Settlement

Agreement was negotiated at arms' length and in good faith. The Trustee respectfully submits that this Motion should be granted pursuant to Bankruptcy Rule 9019(a) and Bankruptcy Code Section 105(a).

WHEREFORE, the Trustee respectfully requests the entry of an Order (i) granting this Motion, (ii) approving the Settlement Agreement, as set forth herein, and (iii) granting such further relief as the Court may deem just and proper.

DATED: January 22, 2021.

> GENOVESE JOBLOVE & BATTISTA, P.A.
> *General Counsel to the Chapter 7 Trustee*
> 100 N. Tampa Street, Suite 2600
> Tampa, Florida 33602
> Telephone: (813) 439.3100
> Telecopier: (813) 439.3110
>
> By: */s/ Eric D. Jacobs*
>   Michael A. Friedman, Esq.
>   Florida Bar No. 71828
>   E-Mail: mfriedman@gjb.law
>   Lisa M. Castellano, Esq.
>   Florida Bar No. 748447
>   E-Mail: lcastellano@gjb.law
>   Eric D. Jacobs, Esq.
>   Florida Bar No. 85992
>   E-Mail: ejacobs@gjb.law

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 22, 2021, a true and correct copy of the foregoing document has been furnished via electronic mail upon all creditors and parties registered to receive electronic notices via the Court's CM/ECF System.

I FURTHER CERTIFY that on January 22, 2021, a true and correct copy of the foregoing document has been furnished via electronic mail to all parties who have specifically requested to receive notice in accordance with the Order Granting Chapter 7 Trustee's Expedited Motion to Limit Notice and Modify Service Procedures (Doc No. 11) (the "Notice Order"), as detailed in the below Service List.

I FURTHER CERTIFY that on January 22, 2021, a true and correct copy of the foregoing document has been furnished via First Class U.S. Mail, postage prepaid, and/or via electronic mail to:

| | |
|---|---|
| Jake C. Blanchard, Esq. | Eugene Jackson |
| Blanchard Law, P.A. | 919 Fern Ave |
| 1501 Belcher Rd. S., Unit 6B | Cocoa, FL 32922 |
| Largo, FL 33771 | |
| *Counsel for Mark P. Stopa* | |

By: */s/ Eric D. Jacobs*
      Eric D. Jacobs, Esq.

## SERVICE LIST

*Served Via E-Mail Pursuant to Notice Order*

| | |
|---|---|
| Don L. Wagner and Peggy H. Wagner | don.wagner.check@gmail.com |
| Carla Turner-Hahn, Esq. | carlathahn@gmail.com |
| Michael S. Haulsee | limaroma@tampabay.rr.com |
| States Coyle | statescoyle@bellsouth.net |
| Mark Printz and Brenda Printz | mark.printz@outlook.com |
| Craig Jackson and Karen Jackson | craig.jackson@thundermarine.com |
| Jody Young and Constance Ficarra | cscdad1@gmail.com |
| Timothy Brubaker | spike_122000@msn.com |
| Leonardo DiGiovanni | leonardo@rent6.com |
| Christian Jimenez | christian.p.jimenez@icloud.com |
| Ruthy Calle | ruthycalle@gmail.com |
| Beatrice E. Galeano | beagal@bellsouth.net |
| Holly Dickson | hldickson@verizon.net |
| Daniel Rosenfield | daniel.i.rosenfield@gmail.com |
| Ellen Purdy and Glen Purdy | funbunsrme@yahoo.com |
| Jeff Horne | jeffhorne@tampabay.rr.com |
| Milo Price III and Jennifer Price | jjenprice@aol.com |
| John Noterman | Noterman14@gmail.com |
| Ian Ross-Johnson | ianrossjohnson@gmail.com |
| Alan Maiden | Alanmaiden21@live.com |
| Deborah Ryan | dryan@depo.com |
| Janet Allen-Lawson | jnanafana@aol.com |